UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C.H. RACHES, INC.,

    Plaintiff,

v.

GENERAL ALUMINUM MFG. COMPANY,

    Defendant.

Case No. 2:19-cv-12405

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER GRANTING MOTION TO DISMISS [6]**

Plaintiff C.H. Raches, Inc., filed a complaint for damages and declaratory relief against Defendant in August 2019. ECF 1 (under seal). Defendant moved to dismiss under a res judicata theory. ECF 6 (under seal). The Court then ordered supplemental briefing to address whether Michigan's res judicata rules preclude Plaintiff from asserting its claims. ECF 14, PgID 264 (under seal). The parties filed supplemental briefs. ECF 16, 17 (both under seal). The Court has reviewed the filings and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will grant the motion to dismiss.

**BACKGROUND**

In 2016, Plaintiff sued Defendant for breach of contract and violation of the Michigan Sales Representatives Commission Act, Mich. Comp. Laws § 600.2961. *C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, No. 16-cv-10976, 2018 WL 1365888, at *1 (E.D. Mich. Mar. 16, 2019) (Murphy, J.). Plaintiff's claims arose from a contract with Defendants called the "Representation Agreement." *Id.* Under the Agreement,

1

Plaintiff would serve as Defendant's external sales representative and solicit orders for Defendant to make two distinct Chrysler parts on behalf of certain listed customers. *Id.* During the case, the parties settled their breach of contract and commission claims for one of the Chrysler parts. *Id.* For the other Chrysler part, the parties completed discovery, and each moved for summary judgment. *Id.*

The Court granted summary judgment for Defendant. *Id.* at *1, *3. Summary judgment hinged on whether Defendant owed commissions to Plaintiff. *Id.* at *2–3. To show an entitlement to commissions, Plaintiff needed to produce evidence that Defendant (1) had entered into a long-term deal with a listed customer, and (2) received a purchase order from that long-term deal. *Id.*

Plaintiff, however, failed to produce evidence of a purchase order under the second prong. *Id.* at *3. Defendant, notably, produced evidence that no purchase order ever existed. *Id.* Because the evidence established that Defendant did not receive a purchase order, Plaintiff did not satisfy second prong, and the Court granted summary judgment for Defendant. *Id.* at *3; *see C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, No. 16-cv-10976, 2018 WL 8953367, at *1 n. 1 (E.D. Mich. July 23, 2019) ("The Court granted summary judgment in favor of Defendant because there was no evidence of purchase orders.") (citation omitted).

But summary judgment failed to end the dispute because Plaintiff moved for relief from the judgment. *C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, No. 16-cv-10976, 2018 WL 10780613, at *1 (E.D. Mich. Nov. 19, 2018). In the motion, Plaintiff identified "new" evidence that Defendant had in fact received a purchase order. *Id.*

2

Generally, under Federal Rule of Civil Procedure 60(b)(2), a party is entitled to relief from a final judgment if it shows "newly discovered evidence." And although Plaintiff intended for the proffered evidence to show that Defendant had received purchase orders and began shipping the Chrysler parts around February 2018, the evidence was not new. *Id.* Indeed, Plaintiff had the evidence before the summary judgment order. *Id.* The Court therefore denied Plaintiff's motion for relief. *Id.*

Plaintiff, however, did not stop there. Shortly after, Plaintiff moved for leave to file a first amended complaint on the same grounds as the prior motion for relief. *C.H. Raches, Inc.*, 2018 WL 8953367, at *1. The Court denied the motion. *Id.*

Plaintiff then appealed the Court's four orders: the grant of summary judgment to Defendant, the denial of summary judgment to Plaintiff, the denial of relief from the judgment, and the denial to amend the complaint. *C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 807 Fed. App'x 534, 536 (6th Cir. Apr. 7, 2020). The Sixth Circuit panel affirmed the orders. *Id.* at 538–40. But, in its review of the summary judgment orders, the Circuit did not address the first prong of the analysis—whether Defendant had a long-term deal—only the second prong: the purchase orders. *Id.* at 538 n. 1 ("Because our analysis of the purchase order issue—on its own—resolves the summary judgment question, we need not—and do not—address the long-term arrangement dispute."). Last, the Sixth Circuit emphasized that "the district court's order [did] not [] preclude [Plaintiff] from obtaining relief in a future suit based upon purchase orders made after the summary judgment order." *Id.* at 539 n. 2.

3

But the Sixth Circuit's ruling still did not resolve the parties' dispute. Instead, Plaintiff sued Defendant again and filed nearly the same complaint that it had proposed to the Court in the prior case. *Compare* ECF 1 (under seal) *with C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, No. 16-cv-10976, ECF 40-4 (Nov. 26, 2018 E.D. Mich.) (under seal). Now, given that Plaintiff's current complaint involves exactly the same issues and claims that the parties could have litigated years ago, the Court will grant Defendant's motion to dismiss under res judicata.

## LEGAL STANDARD

I.   The Motion Will Be Treated as a Motion to Dismiss Under Rule 12(b)(6)

Ordinarily, the Court cannot consider matters beyond the complaint when reviewing a motion to dismiss. *Kostrzewa v. City of Troy*, 274 F.3d 633, 643 (6th Cir. 2001) (citation omitted). Under Federal Rule of Civil Procedure 12(d), "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the [C]ourt, the motion must be treated as one for summary judgment[.]" But the Court may consider public records without converting the motion to dismiss to a summary judgment motion. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008) (citation omitted). Thus, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007)

In the Rule 12(b)(6) motion, Defendant attached three of the Court's orders from the earlier case as exhibits. ECF 6-1, 6-2, 6-3 (under seal). The attachments

4

were also mentioned in the complaint, ECF 1, PgID 6–7 (under seal), and are clearly public records. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) ("[A] court may properly look at public records, including judicial proceedings[.]") (quoting *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)). With that in mind, the Court will evaluate the motion to dismiss under the Rule 12(b)(6) standard.

II.  Rule 12(b)(6) Legal Standard

Parties may raise the defense of res judicata on a Rule 12(b)(6) motion. *Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 275 (6th Cir. 2016) (collecting cases). The party asserting a res judicata defense bears the burden of proof. *Winget*, 537 F.3d at 572 (citations omitted).

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the nonmoving party, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the nonmoving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of

5

law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *see N.D. Mgmt., Inc. v. Hawkins*, 787 F. App'x 891, 896 (6th Cir. 2019) (explaining that although Sixth Circuit precedent is muddled, "state preclusion rules apply to judgments in federal diversity cases").

In Michigan, a res judicata defense applies if: (1) there was a final decision on the merits; (2) the actions involve the same parties or their privies; and (3) the matter in the latter case "was, or could have been resolved" by the earlier case. *Adair v. State*, 470 Mich. 105, 121 (2004) (citing *Sewell v. Clean Cut Mgmt., Inc.*, 463 Mich. 569, 575 (2001)). Michigan's "broad" res judicata defense "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Id.* (citing *Dart v. Dart*, 460 Mich. 573, 586 (1999)). The Court will address each element in turn.

I.  <u>Elements One and Two</u>

The first two elements are easily satisfied. First, the Court's order granting summary judgment for Defendant and against Plaintiff was a final decision on the merits. 18A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4432 (3d ed. 2020) (explaining that a properly entered grant of summary judgment is a final judgment). Although Plaintiff appears to contest the first element, Plaintiff's

6

argument is more appropriate under the third res judicata element. *See* ECF 16, PgID 273 ("[t]he Court must determine the nature of the claim at issue[.]"). The inquiry of the first element merely looks to determine whether there was a final decision on the merits. *See Adam v. Bell*, 311 Mich. App. 528, 532 (2015) (explaining that for the first element, a prior action only needs to involve a decision on the merits.) And for the second element, Plaintiff is suing the same Defendant from the prior case. *C.H. Raches, Inc.*, 2018 WL 1365888, at *1.

II. Element Three

For the third element, Michigan "uses a transactional test to determine if the matter could have been resolved in the first case." *Washington v. Sinai Hosp. of Greater Detroit*, 478 Mich. 412, 420 (2007) (citing *Adair*, 470 Mich. at 123). "That test asks whether 'a single group of operative facts give[s] rise to the assertion of relief' in both cases.'" *Etherton v. Serv. First Logistics, Inc.*, 807 F. App'x 469, 471 (6th Cir. 2020) (quoting *Adair*, 470 Mich. at 124). And to determine "[w]hether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin[,] or motivation . . . ." *Adair*, 470 Mich.at 125 (internal quotation omitted).

Here, the "key issue" is whether Plaintiff could have amended its complaint in the earlier proceeding to include the new allegations. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 818 (6th Cir. 2010) (citing *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 749 (6th Cir. 2002)). Simply put, Plaintiff could have amended the complaint in the earlier case to include these allegations because Plaintiff knew of the purchase

orders before the summary judgment order. *C.H. Raches, Inc.*, 2018 WL 10780613, at *1 (explaining that none of the "proffered evidence was unavailable to [Plaintiff] on the dates the information was published or the date the relevant actions occurred"). Although the Court denied Plaintiff's motion to amend its complaint, that order is irrelevant because Plaintiff appealed the order and the Sixth Circuit affirmed it. *C.H. Raches, Inc.*, 807 F. App'x at 540 (affirming the Court's order to deny Plaintiff's motion for leave to file an amended complaint); *see Buck*, 597 F.3d at 818 (holding that even though the trial court denied a plaintiff's motion to supplement the complaint, that did not prevent Michigan's res judicata rules from applying because Plaintiff did not successfully appeal the denial).

In any event, Plaintiff proposed several reasons for why it could not assert the claims in the prior case. First, Plaintiff continued to assert that "[b]ecause discovery had been stayed . . . Plaintiff simply did not have access to the purchase orders and, thus, could not have presented them to the Court." ECF 9, PgID 104 (under seal). The Court, however, will pass over the argument because the Sixth Circuit already explained that "the discovery stay did not prevent [P]laintiff from seeking leave to supplement its summary judgment briefing with the declaration" and Plaintiff freely agreed to the stay. *C.H. Raches, Inc.*, 807 F. App'x at 540.

Second, Plaintiff claimed that the Court could not have resolved its claims in the first case because "those claims had not yet accrued." ECF 16, PgID 276. In other words, Defendant's "obligation to pay commissions . . . had not yet become ripe." *Id.*

8

at 273–74.[1] But Plaintiff's argument misses the point. As the Sixth Circuit noted, "the district court's order [does] not [] preclude [Plaintiff] from obtaining relief in a future suit based upon purchase orders made *after* the summary judgment order." *C.H. Raches, Inc.*, 807 F. App'x at 539 n. 2 (emphasis added). Plaintiff's complaint, however, asserted only purchase orders that came *before* the Court's March 16, 2018 summary judgment order. *See* ECF 1, PgID 7 ("Plaintiff is now informed and believes that Defendant has received purchase orders . . . and that it began shipping those parts in, approximately, February, 2018.") (under seal); ECF 1-4, PgID 36 (February 13, 2017 supply agreement) (under seal).

And third, Plaintiff's claims are clearly from the same group of operative facts as those of the first suit because Plaintiff filed nearly the same complaint that it had proposed to the Court in the prior case. *Compare* ECF 1 (under seal) *with C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, No. 16-cv-10976, ECF 40-4 (E.D. Mich. Nov. 26, 2018) (under seal). *See Washington*, 478 Mich. at 420 ("Because plaintiff's complaint is identical to that which was filed in the first action, the identical operative facts now support her [new] claim. Therefore, the third res judicata requirement is met because the matter asserted in the second suit was raised in the first."). Indeed, there was "no indication that plaintiffs, with due diligence, could not have asserted these claims during the pendency of" the prior case. *Adair*, 470 Mich.

---

[1] It appears that Plaintiff is now confirming what the Court noticed in a prior order: "Plaintiff therefore appears to admit that it sought an advisory opinion." *C.H. Raches, Inc.*, 2018 WL 8953367, at *1 n. 1. Plaintiff therefore raises questions about whether Plaintiff's attorney violated Federal Rule of Civil Procedure 11(b) in the prior case.

9

at 125; see *C.H. Raches, Inc.*, 2018 WL 10780613, at *1 (explaining that none of the "proffered evidence was unavailable to [Plaintiff] on the dates the information was published or the date the relevant actions occurred"). Because all three elements of Michigan's res judicata principles are satisfied, the Court will grant the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [6] is **GRANTED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

                                          s/ Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: January 26, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 26, 2021, by electronic and/or ordinary mail.

                                          s/ David P. Parker
                                          Case Manager